

## METHFESSEL & WERBEL
#### A Professional Corporation

Counsel

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
EDWARD L. THORNTON">
FREDRIC PAUL GALLIN*+^
STEPHEN R. KATZMAN#
WILLIAM S.BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>
MARC DEMBLING*+

Of Counsel
JOHN METHFESSEL, SR.>
DONALD L. CROWLEY*+

LORI BROWN STERNBACK*+
PAUL J. ENDLER JR.>
I. BLAKELEY JOHNSTONE,III+*
GERALD KAPLAN>
JARED P. KINGSLEY*+
JOHN R. KNODEL*
CHARLES T. MCCOOK, JR. *>
RICHARD A. NELKE~
STEVEN K. PARNESS+
GINA M. STANZIALE>
ADAM S. WEISS<

Associates

KEGAN S. ANDESKIE<
CHRISTIAN R. BAILLIE+
ELIZABETH C. CONNELLY+
EDWARD D DEMBLING>
MICHAEL V. DI GIROLAMO^
MICHAEL R. EATROFF>
JACQUELINE C. FALCONE+
JAMES FOXEN^
JENNIFER M. HERRMANN^=
RICHARD J. ISOLDE+
MAURICE JEFFERSON>
FRANK J. KEENAN+^
LESLIE A. KOCH+
ALLISON M. KOENKE>
VIVIAN LEKKAS+
CAITLIN LUNDQUIST>
DIAA J. MUSLEH+
RAINA M. PITTS^
MATTHEW L. RACHMIEL>
WILLIAM J. RADA+
CHRISTEN L. RAFUSE^
MICHAEL J. RASKYS+
NABILA SAEED^
AMANDA J. SAWYER^
JARED S. SCHURE>
BORIS SHAPIRO>
MARK A. SPEED>
LINDSAY A. SPERO+
CARRIE G. ZALEWSKI>

* Certified by the Supreme Court of
   New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
*Member of PA & NJ Bar
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
~Member of NY, NJ & DC Bar
=Member of FL Bar

Please reply to New Jersey

July 6, 2015

**VIA E-FILING AND LAWYERS SERVICE**
United States District Court, District of New Jersey Trenton
Clarkson S. Fisher Federal Bldg.
& US Courthouse
402 E. State Street, Room 6000
Trenton, NJ 08608

RE:   **RED BANK BOARD OF EDUCATION VS. J.Z. O/B/O L.Z.**
   Our File No.      : 81063 ELH
   Civil Action No.   : TBA

Dear Sir/Madam:

This office represents Plaintiff Red Bank Board of Education ("Board") in the above matter. Please accept this letter in lieu of a more formal brief in support of the Board's Verified Complaint and Order to Show Cause seeking the following emergent relief: (1) reversal of the June 22, 2015 order and decision of the Honorable Leland S. McGee, A.L.J., and remand with a directive for the proper application of the relevant law under the IDEA and the granting of emergent relief by an ALJ; and (2) a declaration that Defendants are not entitled to an order requiring Plaintiff to immediately and fully fund L.Z.'s placement at PCDI.

### FACTS AND PROCEDURAL HISTORY

L.Z. is a student who was born on April 22, 2007, resides within the Red Bank School District ("District"), and has been diagnosed with autism spectrum disorder, hyptonia, and chromosome 19 deletion. The

Methfessel & Werbel, Esqs.
Our File No. 81063 ELH
Page 2

District has found L.Z. eligible for special education and related services pursuant to the Individuals with Disabilities Education Act ("IDEA"), under the category of "autistic." (See Complaint, ¶4). In September 2013, the parties entered a settlement agreement which was signed by J.Z. and T.Z., approved by Board resolution, and incorporated into a Final Decision by the Honorable John Russo, Jr., A.L.J. (See **Exhibit A**).

Under the settlement, the parties agreed that the Board would reimburse J.Z. and T.Z. for the costs of L.Z.'s attendance during the 2012-2013, 2013-2014, and 2014-2015 school years at Nexus Language Builders ("Nexus"), which recently ceased its operations as of June 2015. Id. at ¶2-5. With regard to the "stay put" requirements of IDEA, the agreement provided as follows:

> **In the event there is a dispute regarding program and/or placement for the 2015-2016 school year, the parties agree that "stay put" for the 2015-2016 school year is the last agreed upon placement, which is an in-district placement in Red Bank schools.** The parents retain all of their due process rights to seek full tuition, home programming costs, transportation reimbursement and any other related costs for the 2015-2016 school year and extended school year, as well as any future years, should they and the District not agree upon a placement and program for the 2015-2016 school year.
>
> Id. at ¶11.

On May 14, 2015, the Board proposed an Individualized Education Program ("IEP") recommending placement at the Shore Center for

Methfessel & Werbel, Esqs.
Our File No. 81063 ELH
Page 3

Students With Autism ("Shore Center") in Tinton Falls, New Jersey.  J.Z., on behalf of L.Z., filed a request for due process with the New Jersey Office of Special Education Programs ("OSEP") on May 22, 2015, seeking L.Z.'s placement at PCDI.  However, on May 26, 2015, T.Z. consented in writing to the proposed IEP.  (See Complaint, ¶10-12).

On June 2, 2015, the OSEP transmitted the request for due process for a hearing filed by Defendants J.Z. on behalf of L.Z. to the New Jersey Office of Administrative Law ("OAL").  Shortly thereafter, on June 15, 2015, T.Z. filed a petition for emergent relief with the OSEP.  In his emergent petition, T.Z. sought an immediate placement at the Shore Center, as proposed in the May 2015 IEP, pending the outcome of a hearing on the claims asserted in J.Z.'s request for due process.  On June 16, 2015, J.Z. filed opposition to T.Z.'s emergent petition and her own request for emergent relief, seeking an immediate placement of L.Z. at PCDI pending the outcome of a due process hearing.  Id. at ¶13-15.

The matter was transmitted to the OAL and assigned to the Honorable Leland S. McGee, A.L.J., for oral argument and an emergent relief hearing on June 22, 2015.  Id. at ¶14.  During the hearing, Judge McGee issued a decision concluding that "there is no 'stay put' placement for L.Z.'" and an order: (1) granting T.Z.'s motion to intervene and denying his application for emergent relief; (2) directing the Board to "immediately place" L.Z. at PCDI and "begin to provide transportation as

Methfessel & Werbel, Esqs.
Our File No. 81063 ELH
Page 4

soon as practicable"; and (3) requiring the order to "remain in effect until the issuance of the decision on the merits in this matter." (See Decision and Order dated June 22, 2015, attached hereto as **Exhibit B**, at 5).

## LEGAL ARGUMENT

I. **The exhaustion of administrative remedies is not required because this matter presents purely legal questions, and exhaustion would be futile and inadequate and would cause severe or irreparable harm to the Board.**

The IDEA ordinarily requires parties to exhaust their administrative remedies prior to seeking relief in state or federal court. However, a failure to exhaust should excused where: (1) exhaustion would be futile or inadequate; (2) the issue presented is purely a legal question; (3) the agency cannot grant relief; and (4) exhaustion would cause severe or irreparable harm. Beth V. by Yvonne V. v. Carroll, 87 F.3d 80, 88-89 (3d Cir. 1995). As the issues presented in this matter are purely legal, and exhaustion would be both futile and inadequate and would cause severe and irreparable harm to the Board, the exhaustion requirement does not apply.

Where the question presented is purely legal, "to proceed through the administrative proceedings is unnecessary" since "no factual record needs to be developed." Kristi H. ex rel. Virginia H. v. Tri-Valley Sch. Dist., 107 F. Supp. 2d 628, 632-33 (M.D. Pa. 2000) (noting that "[t]he basis for the exception regarding purely legal questions is futility").

Methfessel & Werbel, Esqs.
Our File No. 81063 ELH
Page 5

Therefore, in cases in which the factual record needed to resolve a pure legal question has been fully developed "and no evidentiary disputes remain, the court can and should decide legal issues." Lester H. by Octavia P. v. Gilhool, 916 F.2d 865, 869 (3d Cir. 1990).

For example, the issue of "whether a one-year cutoff to compensatory education claims is appropriate as a type of statute of limitations" is a question of law, the resolution of which would not require the development of a factual record by an Administrative Law Judge ("ALJ"). Id. In contrast, issues relating to the merits of an IEP and whether an educational program satisfies the free, appropriate public education ("FAPE") requirement are not purely legal. Id.; see also Carlisle Area Sch. v. Scott P. By & Through Bess P., 62 F.3d 520, 526 (3d Cir. 1995) (appropriateness of IEP is "a factual question").

Here, exhaustion should be excused because the only issues presented are purely legal questions, and because exhaustion would be futile and inadequate and would cause severe and irreparable harm to the Board. The limited issues submitted for the Court's consideration are whether the ALJ: (1) misapplied the relevant law regarding the "stay put" provisions of the IDEA; and (2) erroneously concluded that PCDI would be the "best" and "most appropriate" placement rather than properly applying the FAPE standard; and (3) failed to consider whether Defendant J.Z. satisfied each of the criteria for granting emergent relief.

Methfessel & Werbel, Esqs.
Our File No. 81063 ELH
Page 6

Since none of these pure legal questions require any further development of a factual record or resolution of any evidentiary dispute, proceeding to a due process hearing is unnecessary, and this Court can and should decide each of the issues presented.  As such, exhaustion should be excused in order to permit the Court to resolve the three purely legal issues raised in the Complaint.

Moreover, the exhaustion should also be excused because it would be futile and inadequate, and the Board would suffer severe or irreparable harm if it is required to complete the administrative process by proceeding to a due process hearing on the merits, which will not occur until December 2015 at the earliest.  As a result, the Final Decision of the hearing judge will most likely not be issued until well into the Spring of 2016.  (See Second Certification of Eric Harrison, ¶4-8).

In the interim, pursuant to Judge McGee's decision and order (**Exhibit B**), the Board will have already fully funded L.Z.'s placement at PCDI, including all costs of tuition and transportation, for the 2015 Extended School Year and the majority if not entirety of the 2015-2016 academic year.  Therefore, requiring the exhaustion of administrative remedies will be futile and inadequate in that it will not permit the Board to obtain its requested relief in this case until it has already provided the relief requested by defendant J.Z. but opposed by defendant/intervenor T.Z. – a full year at PCDI through the expending of substantial public

Methfessel & Werbel, Esqs.
Our File No. 81063 ELH
Page 7

funds to cover the costs of this placement, which the ALJ determined based on Certifications presented by J.Z.'s attorney – and no testimony from Red Bank staff – to be "the most appropriate."

For the same reasons, exhaustion would work severe and irreparable harm upon the Board, as it would have no ability to recover the past tuition and transportation costs incurred as a result of Judge McGee's order once expended and paid to PCDI.  Accordingly, because the Board satisfies three (3) of the exceptions to the exhaustion requirement, its lack of exhaustion of administrative remedies should be excused.  In addition, the Court should reverse Judge McGee's decision and order dated June 22, 2015 (**Exhibit B**) and remand for the proper application of the legal principles regarding "stay put" under the IDEA, the FAPE standard, and the requirements for granting emergent relief.

## II.   **The Administrative Law Judge erred by incorrectly applying the stay put provisions of the IDEA.**

Judge McGee's decision and order should be reversed as it is based upon an erroneous application of the "stay put" doctrine as set forth in the IDEA and its implementing state and federal regulations.  It is well established that the IDEA requires an ALJ to enforce the student's current or last agreed-upon educational placement throughout the pendency of a due process petition.  20 U.S.C. § 1415(j); 34 C.F.R. § 300.518; N.J.A.C. 6A:14-2.7(u).  "[T]he dispositive factor in deciding a

Methfessel & Werbel, Esqs.
Our File No. 81063 ELH
Page 8

child's 'current educational placement'" should be the IEP "actually functioning when the 'stay put' is invoked." <u>Drinker by Drinker v. Colonial Sch. Dist.</u>, 78 F.3d 859, 867 (3d Cir. 1996) (citations omitted).

"[T]he plain meaning of 'current educational placement' refers to the 'operative placement actually functioning at the time the dispute first arises.'" <u>Pardini v. Allegheny Intermediate Unit</u>, 420 F.3d 181, 192 (3d Cir. 2005) (quotation omitted).  Generally, the terms of the stay put IEP are dispositive of the student's "current educational placement." <u>Susquenita Sch. Dist. v. Raelee S. by Heidi S. & Byron S.</u>, 96 F.3d 78, 83 (3d Cir. 1996).

However, where a stay put IEP does not exist, often because the placement in effect at the time the dispute arises resulted from a prior settlement agreement, the court must consider whether the settlement "constituted an agreement between the parties" that the placement was appropriate, or whether it was limited to reimbursement.  <u>K.L. v. Berlin Borough Bd. of Educ.</u>, Civ. Action No. 13-4215 JBS/JS, 2013 WL 4039023, at *5 (D.N.J. Aug. 7, 2013).  There is a critical distinction between a school district merely agreeing to provide payment or reimbursement for a placement sought by a parent as a means of settling litigation, as opposed to an agreement that the placement is appropriate, as the Third Circuit has established that "[p]ayment and placement are two different matters." <u>Bayonne Bd. of Educ. v. R.S. by K.S.</u>, 954 F.

Methfessel & Werbel, Esqs.
Our File No. 81063 ELH
Page 9

Supp. 933, 942 (D.N.J. 1997) (quotation omitted) (distinguishing a district's agreement to pay for private school tuition sought by a parent from an agreement to actually place the student at the school).

The court should also assess whether the settlement included any agreement by the parties with respect to "pendency or stay put issues." K.L., supra, at *5. Where "it is clear that the parties contested the proper placement and sought to mutually preserve their rights to raise these issues in a later proceeding," a settlement constitutes "merely an agreement for reimbursement and does not constitute an agreement" regarding an appropriate placement. Id.

In this case, the September 2013 settlement agreement merely provided that the Board would "reimburse" L.Z.'s parents for the costs of her attendance at Nexus for the 2012-2013, 2013-2014, and 2014-2015 school years. Id. at ¶2-5. The parties did not agree that the Board would place L.Z. at Nexus via an IEP or otherwise. Id.

The agreement also specifically addressed pendency and stay put issues and defined L.Z.'s 2015-2016 "stay put" placement by stating that in the event of "a dispute regarding program and/or placement for the 2015-2016 school year, . . . 'stay put' for the 2015-2016 school year is the last agreed upon placement, which is an in-district placement in Red Bank schools." (**Exhibit A**, at ¶11). While the parties also agreed to retain "due process rights to seek full tuition, home programming costs,

Methfessel & Werbel, Esqs.
Our File No. 81063 ELH
Page 10

transportation reimbursement and any other related costs for the 2015-2016 school year and extended school year, as well as any future years," these terms simply permit the filing of a due process petition or other substantive legal challenge to the Board's proposed 2015-2016 IEP.  Id. They do not impact the explicit agreement that L.Z.'s stay put placement for the 2015-2016 school year would be defined as "an in-district placement in Red Bank schools."  Id.

Rather than applying the explicit terms of the parties' September 2013 settlement agreement, which was executed by both J.Z. and T.Z., approved by the Board, and incorporated into Final Decision by Judge Russo, Judge McGee inexplicably and incorrectly held that "there is no 'stay put' placement for L.Z.'" (**Exhibit B**, at 5).  To the contrary, pursuant to the "stay put" provisions of the IDEA, its State and federal implementing regulations, and the binding Third Circuit case law discussed above, L.Z.'s stay put placement at the time the due process petition was filed by J.Z. on May 22, 2015 was Nexus.  However, because Nexus no longer exists as an educational placement, Judge McGee should have applied the explicit terms of the parties' September 2013 settlement agreement in determining L.Z.'s stay put placement for the 2015-2016 school year.  (**Exhibit A**, at ¶11).

In issuing the decision and order dated June 22, 2015 (**Exhibit B**), Judge McGee erroneously applied and failed to consider the controlling

Methfessel & Werbel, Esqs.
Our File No. 81063 ELH
Page 11

Third Circuit case law pertaining to the IDEA's "stay put" requirements. As such, since the ALJ's emergent relief decision and order is contrary to the applicable case law analyzed above, the Court should reverse the decision and order as requested in the Complaint and remand with a directive that the correct legal standards regarding the IDEA's "stay put" provisions be applied.

**III.   The Administrative Law Judge erred by failing to analyze whether Defendant J.Z. satisfied each of the four prongs of the emergent relief standard.**

The granting of emergent relief by an ALJ is governed by N.J.A.C. 1:6A:12.1(e) and N.J.A.C. 6A:14-2.7(s)(1).   Emergent relief may be granted where: (i) the petitioner will suffer irreparable harm if the requested relief is not granted; (ii) the legal right underlying the petitioner's claim is settled; (iii) the petitioner has a likelihood of prevailing on the merits of the underlying claim; and (iv) when the parties' equities and interests are balanced, the petitioner will suffer greater harm than the respondent if the requested relief is not granted.

In the present matter, the ALJ granted the motion to intervene filed by T.Z., but also found that T.Z. had not satisfied the criteria for emergent relief with regard to his claim that L.Z. should be placed at the Shore Center, as recommended in the proposed IEP, and denied his petition for emergent relief.   (**Exhibit B**, at 3-5).   Additionally, despite that the Board had not filed any request for emergent relief, Judge

Methfessel & Werbel, Esqs.
Our File No. 81063 ELH
Page 12

McGee held that "neither the District nor T.Z. have provided evidence that the relief sought in the case in chief will cause irreparable harm." Id. at 3. Based upon this finding, although the Board had not sought emergent relief and thus had no obligation to meet any of the criteria for granting such relief, Judge McGee held that the Board had not satisfied the first prong of the test for granting emergent relief.  Id.

The ALJ also erroneously concluded that the balancing of the equities supported placing L.Z. at PCDI solely based upon "Certifications from licensed professionals."  Id. at 3-4.   Furthermore, Judge McGee failed to consider or render factual findings or legal conclusions with respect to any of the remaining three (3) criteria required in order to grant J.Z.'s request for emergent relief.  Contrary to N.J.A.C. 1:6A:12.1(e) and 6A:14-2.7(s)(1), Judge McGee conducted no analysis whatsoever regarding: (i) whether Defendants would suffer irreparable harm if J.Z.'s requested relief, immediate placement of L.Z. at PCDI, were not granted; (ii) whether the legal right underlying J.Z.'s claim was settled; or (iii) whether J.Z. established a likelihood of success on the merits of her underlying claim that the Board's proposed IEP failed to offer a FAPE.

Based upon the various errors contained throughout the decision of the ALJ, including the legally incorrect holding that the Board was required to satisfy the emergent relief standard and the failure to consider and analyze whether Defendant J.Z. satisfied each of the four

Methfessel & Werbel, Esqs.
Our File No. 81063 ELH
Page 13

(4) separate prerequisites for emergent relief, the Board will suffer prejudice as a result of the order requiring it to immediately and fully fund L.Z.'s placement at PCDI.  Therefore, because the ALJ's decision contravenes the applicable law and overlooks the requirements for granting emergent relief, this Court should reverse the emergent order in favor of Defendant J.Z., and remand this matter to the OAL for the application of the correct legal standards and a hearing on the underlying due process petition.

**IV.** **The Administrative Law Judge erred by holding that the educational placement sought by Defendant J.Z. was "the best placement option" and "the most appropriate" rather than properly applying the FAPE standard.**

The IDEA guarantees students with disabilities the right to a free, appropriate public education ("FAPE").  See 20 U.S.C. § 1400 et seq. However, an appropriate education does not mean the absolute best education or a potential-maximizing education for the individual child. Rather, a school district's proposed educational program offers a FAPE where it is reasonably calculated to enable the child to receive educational benefits.  See Board of Educ. v. Rowley, 458 U.S. 176, 206, 102 S.Ct. 3034, 3051, 73 L.Ed.2d 690 (1982); Carlisle Area Sch. v. Scott P. By & Through Bess P., 62 F.3d 520 (3d Cir. 1995)

Here, Judge McGee's decision and order dated June 22, 2015 was improperly based upon the following findings and conclusions: (1) "PCDI

Methfessel & Werbel, Esqs.
Our File No. 81063 ELH
Page 14

appears to be **the best placement option for J.Z.** [*sic*]" (**Exhibit B**, at 4) (emphasis added); and (2) the "professional opinions" as expressed in the certifications of Defendant J.Z.'s expert witnesses "support placement at PCDI as the **most appropriate**, least restrictive option for L.Z."  Id. at 3 (emphasis added).  Thus, the language of the decision itself demonstrates that the ALJ incorrectly held that based upon his finding that PCDI was the "best" and "most appropriate" placement for L.Z., which led to the erroneous legal conclusion that Defendant J.Z. was entitled to her requested emergent relief, the immediate placement of L.Z. at PCDI pending the outcome of a due process hearing.

Contrary to the ALJ's decision, the "best" or "most appropriate" placement option is an irrelevant consideration under the IDEA, as the statute does not require school districts to offer the best educational placement or a potential-maximizing education.  Rather, the FAPE standard simply requires that a proposed program must be reasonably calculated to enable the child to receive an educational benefit.  Accordingly, because Judge McGee's decision blatantly overlooked and misapplied the well-settled law regarding the rights of students with disabilities to a FAPE under the IDEA, the order granting emergent relief should be reversed, and the Court should remand this case to the OAL for a due process hearing on the underlying petition filed by J.Z.

Methfessel & Werbel, Esqs.
Our File No. 81063 ELH
Page 15

## <u>Conclusion</u>

For the foregoing reasons, Plaintiff Red Bank Board of Education respectfully requests that the Court enter an Order compelling Defendants to appear to show cause why the following emergent relief should not be granted: (1) reversal of the June 22, 2015 order and decision of the Honorable Leland S. McGee, A.L.J., and remand with a directive for the proper application of the IDEA and emergent relief standards; (2) a declaration that Defendants are not entitled to an order requiring Plaintiff to immediately and fully fund L.Z.'s placement at PCDI; and (3) a determination that pursuant to the parties' previously-negotiated and court-ordered settlement agreement, L.Z.'s "stay put" placement for the 2015-2016 school year, barring an agreement otherwise by the parties, is an in-district program in the Red Bank School District.

Respectfully submitted,
**METHFESSEL & WERBEL, ESQS.**

Eric L. Harrison
harrison@methwerb.com
Ext. 138

ELH:jml/adl

Methfessel & Werbel, Esqs.
Our File No. 81063 ELH
Page 16

cc:    <u>VIA LAWYERS SERVICE</u>
       <u>VIA EMAIL: bcallahan@callahanfusco.com</u>
       Beth A. Callahan, Esq.
       Callahan & Fusco, Esqs.
       103 Eisenhower Parkway, Suite 400
       Roseland, NJ 07068

       <u>VIA LAWYERS SERVICE</u>
       <u>VIA EMAIL: lori@bargergaines.com</u>
       Lori M. Gaines, Esq.
       Barger & Gaines
       555 Route One South, Suite 340
       Iselin, NJ 08830