NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RED BANK BOARD OF EDUCATION,

        Plaintiff,

        v.

J.Z. O/B/O L.Z.,

        Defendants.

Civil Action No. 15-5268 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Red Bank Board of Education's ("Plaintiff") request for an order to show cause and emergent relief. (ECF No. 1-1.) Through the order to show cause, Plaintiff seeks relief from the June 22, 2015 order and decision of the Honorable Leland S. McGee, A.L.J., declaring, on two applications for emergency relief, that Plaintiff must fully fund L.Z.'s placement at the Princeton Child Development Institute until the issuance of a decision on the merits ("June 22 Order"). As it has not yet exhausted its administrative remedies, Plaintiff seeks an interlocutory appeal of Judge McGee's decision. The Court ordered Defendants J.Z. on behalf of L.Z. ("Defendants") to show cause in writing why the emergent relief requested by Plaintiff should not be granted and whether the Court has jurisdiction to hear this interlocutory appeal. (ECF No. 3.) Defendants filed a response to the Court's Order to Show Cause (ECF No. 6), and Plaintiff replied (ECF No. 7). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court denies Plaintiff's request for emergent relief and dismisses Plaintiff's Complaint.

**I.      Background**

L.Z. is an eight year-old child residing within the Red Bank School District who is eligible for special education and related services pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1450. (Compl. ¶¶ 2, 4-5, ECF No. 1.) L.Z. has been diagnosed with autism spectrum disorder, hyptonia, and chromosome 19 deletion. (*Id.* ¶ 4.) L.Z.'s parents are divorced, and L.Z. lives with her mother J.Z., who is the primary custodial parent. (Defs.' Opp'n Br. 2, ECF No. 6.)

Pursuant to a September 2013 settlement agreement, the parties agreed, including L.Z.'s father, T.Z., that Plaintiff would reimburse J.Z. and T.Z. for the costs of L.Z.'s attendance at Nexus Language Builders during the 2011 through 2015 school years. (Compl. ¶ 8.) Nexus Language Builders ceased operation as of June 2015 (*id.*), and the settlement agreement is set to expire August 2015 (*id.*, Ex. A ("Settlement Agreement")). In May 2015, Plaintiff proposed an Individualized Education Plan ("IEP") for the 2015-2016 school year at the Shore Center for Students With Autism ("Shore Center"). (*Id.* ¶ 10.) J.Z. filed a request for a due process hearing with the New Jersey Office of Special Education Programs ("OSEP"), objecting to the placement at the Shore Center and seeking placement at the Princeton Child Development Institute ("PCDI"). (*Id.* ¶ 11.)

On June 15, 2015, T.Z. filed a petition for emergent relief with the OSEP, seeking an immediate placement of L.Z. at the Shore Center. (*Id.* ¶ 15.) On June 16, 2015, J.Z. opposed the petition and filed a separate petition for emergent relief, seeking an immediate placement of L.Z. at PCDI. (*Id.* ¶ 16.) Specifically, J.Z. asked the administrative judge for an "order that PCDI is the appropriate placement for LZ." (Defs.' Opp'n Br., Ex. B, ECF No. 6-3.) The matter was transmitted to the Office of Administrative Law and assigned to Judge McGee for oral argument

on June 22, 2015. (Compl. ¶ 17.) The only response submitted on behalf of Plaintiff, as to either petition, was correspondence dated June 18, 2015. (Defs.' Opp'n Br., Ex. A, ECF No. 6-2; Pl.'s Reply Br. 5, ECF No. 7.) In the correspondence, Plaintiff did not "tak[e] sides between the parents" and stated only that the "stay put provision" in the September 2013 settlement agreement would not be in L.Z.'s best interests and Plaintiff would be willing to place L.Z. at either Shore Center or PCDI. (Defs.' Opp'n Br., Ex. A.) Plaintiff did not oppose either parent's request for an immediate placement by Judge McGee.

**II.     Analysis**

The IDEA provides for a "free appropriate public education" for all special needs children and establishes an elaborate procedural mechanism to protect the rights of those children. 20 U.S.C. § 1412. "One procedural safeguard is the right to a due process hearing before an administrative official." *Komninos by Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994). Thus, claims brought pursuant to the IDEA must be exhausted prior to the filing of a civil suit pursuant to 20 U.S.C. § 1415(l), which provides:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under . . . Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l); *see also R.R. v. Manheim Twp. Sch. Dist.*, 412 F. App'x 544, 548 (3d Cir. 2011) (holding, based on this language, "the IDEA's administrative remedies must be exhausted before such an action is brought").

The Third Circuit has determined that "it is clear from the language of the [IDEA] that Congress intended plaintiffs to complete the administrative process before resorting to federal court." *Komninos*, 13 F.3d at 778. In *Komninos*, the Third Circuit relied on Supreme Court

3

precedent for the proposition that permitting a claim prior to exhaustion would "render superfluous . . . the detailed procedural protections . . . in the statute" and "run counter to Congress' view that the needs of handicapped children are best accommodated by having the parents and the local education agency work together to formulate an individualized plan for each . . . child." *Id.* (citing *Smith v. Robinson*, 468 U.S. 992, 1011-12 (1984)). The *Komninos* court characterized the significance of administrative exhaustion as follows:

> Disruption and interference with the state proceedings can have serious adverse effects. For instance, the duplication of effort in evaluating the same areas of controversy is a substantial detriment to consistency and procedural efficiency. Factors such as these counsel district courts to avoid premature intervention. The vitality of the carefully conceived administrative procedure, providing as it does for active, intense participation by parents, educational authorities, and medical personnel, must be preserved . . . .

*Id.* at 779.

Although § 1415 grants subject matter jurisdiction to the district courts, a plaintiff must demonstrate the applicability of one of the four narrow exceptions to the IDEA's statutory exhaustion requirement before a district court can have jurisdiction over an interlocutory decision. *Id.* at 778. To excuse the failure to exhaust administrative remedies, the plaintiff bears the burden of establishing any of the following exceptions: (1) "where the issue presented is purely a legal question"; (2) "where exhaustion would be futile or inadequate"; (3) "when exhaustion would work 'severe or irreparable harm' upon a litigant"; or (4) "where the administrative agency cannot grant relief." *Beth V. by Yvonne V. v. Carroll*, 87 F.3d 80, 88-89 (3d Cir. 1996) (internal quotation marks omitted).

Plaintiff's instant request, as well as its Complaint, seeks the following emergent relief: (1) "reversal of the June 22, 2015 order and decision of [Judge] McGee, and remand with a directive for the proper application of the relevant law under the IDEA and the granting of

4

emergent relief by an ALJ"; (2) "a declaration that Defendants are not entitled to an order requiring Plaintiff to immediately and fully fund L.Z.'s placement at PCDI"; and (3) "a determination that pursuant to the parties' previously-negotiated and court-ordered settlement agreement, L.Z.'s 'stay put' placement for the 2015-2016 school year is an in-district program in the Red Bank School District." (Pl.'s Moving Br. 1, 15, ECF No. 1-3; Compl. 10, 14.)  Specifically, Plaintiff argues this Court has subject matter jurisdiction over this appeal even though administrative remedies have not been exhausted because: (1) the issues presented are purely legal questions; (2) exhaustion would be futile; and (3) exhaustion would work severe or irreparable harm on Plaintiff.  (Pl.'s Moving Br. 4.)  In response, Defendants argue that Plaintiff failed to exercise its rights before the Office of Administrative Law and now seeks a second chance which it is not entitled to by law. (Defs.' Opp'n Br. 4.)

The Court agrees with Defendants.  "Pursuant to IDEA, failure to raise an issue at the administrative level will result in waiver of that issue on appeal to this Court." *D.R. by M.R. v. E. Brunswick Bd. of Educ.*, 838 F. Supp. 184, 194 (D.N.J. 1993).  It is well-settled that "a district court may not set aside the result of the administrative proceedings on the basis of issues that were never raised or were uncontested before the administrative law judge." *Remis by Trude v. N.J. Dep't of Human Servs.*, 815 F. Supp. 141, 144 (D.N.J. 1993) (citing *Andersen v. District of Columbia*, 877 F.2d 1018, 1025 (D.C. Cir. 1989); *David D. v. Dartmouth Sch. Comm.*, 775 F.2d 411, 424 (1st Cir. 1985), *cert. denied*, 475 U.S. 1140 (1986); *Woods v. N.J. Dep't of Educ.*, 796 F. Supp. 767, 775 (D.N.J. 1992)).  This is because "[i]t would be both unfair and unwieldy to overturn the administrative law judge's decision on grounds that he had no opportunity to consider or evaluate." *Id.* (internal quotation marks and alterations omitted).

Plaintiff did not oppose either T.Z.'s or J.Z.'s petition for emergent relief seeking the immediate placement of L.Z. at Shore Center or PCDI, respectively. The only submission Plaintiff made to Judge McGee stated that it agreed the "stay put" provision was not in L.Z.'s best interest and it was willing to place L.Z. at either location. Thus, Plaintiff has not exhausted its administrative remedies and seeks reversal of Judge McGee's June 22 Order granting J.Z.'s request for immediate placement of L.Z. at PCDI even though it never opposed that request. Furthermore, Plaintiff seeks a determination that the "stay put" provision requires placement at an in-district program even though Plaintiff previously stated that an in-district placement was not in the best interest of L.Z. Plaintiff was obligated to present its arguments to Judge McGee, and it did not do so. Additionally, Plaintiff has not provided any reasoning as to why raising these objections before Judge McGee would have been futile. *R.G. v. Glen Ridge Bd. of Educ.*, No. 05-3017, 2005 WL 3274857, at *3 (D.N.J. Dec. 2, 2005) (Parties may raise a claim not presented in the administrative proceeding if "it would have been impossible or futile for them to have done so."); *see also* 4 Kenneth C. Davis, Administrative Law Treatise § 26:7, at 441 (2d ed. 1983) ("Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice."). Therefore, Plaintiff's Complaint and request for emergent relief are not properly before this Court.

### III. Conclusion

For the reasons set forth above, Plaintiff's request for emergent relief is denied, and Plaintiff's Complaint is dismissed as Plaintiff failed to raise its claims at the administrative level. An order consistent with this Memorandum Opinion will be entered.

      s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** August 13, 2015